UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| FAYE D. PEREZ, | Case No. 2:21-cv-00287-RFB-EJY |
| Plaintiff, | |
| v. | **ORDER** |
| WORLD FINANCIAL GROUP, | |
| Defendant. | |

Pending before the Court is Plaintiff's Motion to Expedite Ruling on Plaintiff['s] Deposition, or, in the Alternative, Motion for Hearing of Plaintiff's Dispute of Deposition and Request for Extension of Discovery Requests. ECF No 63. Plaintiff's Motion, filed on **September 27, 2022**, contends her deposition, set for September 30, 2022, should not go forward. Plaintiff argues (1) she is without legal representation, (2) an extension of her deposition date "would be the only opportunity Plaintiff has to obtain counsel … in this case," and (3) Defendant has not responded to her written discovery propounded on September 8, 2022. *Id*. at 1. Plaintiff further contends she has not had "enough time" to prepare for her deposition and, although Defendant will provide an interpreter for the deposition, "this is not helpful because this interpreter is not familiar with Plaintiff …." *Id*.

Defendant responds, *inter alia*, that Plaintiff first commenced an action against World Financial Group four years ago in the District of Arizona. ECF No. 64 at 2. After that matter was dismissed for lack of jurisdiction, Plaintiff commenced the instant action in the District of Nevada in February 2021. *Id*. Plaintiff also filed a lawsuit in the Eighth Judicial District Court for Clark County Nevada against individual defendants in July of 2020. *Id*.

The Court finds Plaintiff's contention that she needs additional time to find counsel, and that an extension of her deposition date is the "only" opportunity for her to do so, is without merit. Plaintiff has been litigating this matter in this Court for over nineteen months. Plaintiff has had substantial time to retain counsel, but has not done so. The Court also finds Plaintiff's contention

that she does not have Defendant's responses to written discovery unavailing. The responses to Plaintiff's discovery are not due until October 8, 2022—thirty days after the discovery was propounded. *See* Fed. R. Civ. P. 33 and 34. Moreover, Federal Rule of Civil Procedure 26(d)(3)(A)-(B) allows discovery to proceed in any sequence and does not prevent, or intend to prevent, discovery by one party while discovery by an opposing party is pending.

With respect to the interpreter, Defendant is the party seeking the deposition and, therefore, properly arranged for a neutral interpreter for which it will pay to assist Plaintiff at the deposition. *See United States v. Suzuki*, Case No. 2:15-cr-00198-GMN-NJK, 2021 WL 4245354, at *6 (D. Nev. Sept. 17, 2021) (requiring the United States to arrange and pay for a neutral interpreter); *Chapman v. Pismo Food Store, Inc.*, Case No. CV 15-2373-SVW (AGRx), 2015 WL 13763673, at *1 (C.D. Cal. Nov. 30, 2015) (ordering the defendant to appear for deposition and Plaintiff's counsel to arrange for a certified interpreter). *See also* LR 43-1. Any interpreter must be certified to provide such services and must be a neutral party that does only two things: (1) translates English into the language spoken by the deponent; and (2) translates the language spoken by the deponent into English. Familiarity with Plaintiff is neither required nor necessarily appropriate.

Finally, Plaintiff states she has not have enough time to prepare for her deposition. Plaintiff's September 30, 2022 deposition was noticed on September 9, 2022. ECF No. 56. Defendant subsequently changed the location of the deposition to accommodate Plaintiff. ECF No. 64. The twenty-one (21) days between the notice and the deposition date is facially sufficient time to prepare.

The above facts are contrary to Plaintiff's contentions. Plaintiff's previous failure to timely participate in this case further support that Plaintiff's current request is a delay tactic. *See* ECF Nos. 28, 31, 33, 35, 36.

Accordingly, IT IS HEREBY ORDERED that Plaintiff's Motion to Expedite Ruling on Plaintiff['s] Deposition, or, in the Alternative, Motion for Hearing of Plaintiff's Dispute of Deposition and Request for Extension of Discovery Requests (ECF No. 63) is DENIED.

IT IS FURTHER ORDERED that Plaintiff **must** appear for deposition on **September 30, 2022** at the time and place appearing in the Amended Notice of Deposition.

1  IT IS FURTHER ORDERED that a neutral, certified interpreter shall provide interpretation for Plaintiff at the deposition.

IT IS FURTHER ORDERED that Counsel for Defendant shall serve a copy of this Order on Plaintiff and any representative of Plaintiff with whom defense counsel regularly communicates in this case.

IT IS FURTHER ORDERED that the Court shall serve a copy of this Order on Plaintiff through her email address recorded on the record.

Dated this 29th day of September, 2022.

_____
ELAYNA J. YOUCHAH
UNITED STATES MAGISTRATE JUDGE

3