UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| FAYE D. PEREZ,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>WORLD FINANCIAL GROUP,<br><br>　　　　Defendant. | Case No. 2:21-cv-00287-RFB-EJY<br><br>**Order Re ECF No. 79<br>(Award of Fees and Costs)<br>And<br>Report and Recommendation to Strike Plaintiff's Operative Complaint and Enter Judgment in Favor of Defendant** |

**I.　Background**

On October 21, 2022, the Court entered an Order to Show Cause concurrent with its Order Awarding Defendant Fees and Costs (collectively, the "OSC"). ECF No. 75. The OSC was the product of two motions filed by Defendant including the (1) Expedited Motion for Status Conference and Expedited Motion to Modify Scheduling Order (ECF No. 68), and (2) Rule 37 and Rule 41 Motion for Sanctions Based on Plaintiff Faye Perez's Failure to Appear for Deposition in Violation of the Court's Order and Failure to Prosecute (ECF No. 69).[1] Plaintiff failed to respond to either of these Motions. The OSC granted Defendant's Expedited Motion, Defendant's Rule 37 and 41 Motion for Sanctions, denied the Motion for Extension of Discovery Deadlines as moot, and ordered Plaintiff to pay reasonable fees and costs for her failure to appear at her Court-ordered September 30, 2022 deposition as well as her failure to appear for her October 19, 2022 deposition. Separately, the OSC required Plaintiff to "show cause, in writing, no later than November 18, 2022, why the Court should not recommend the severe sanction of dismissal of Plaintiff's claims under Federal Rule of Civil Procedure 41(b)." ECF No. 75 at 3. The OSC included the following bolded language: "**Plaintiff is advised that failure to timely respond to this Order to Show Cause will result in a recommendation that this case be dismissed with prejudice.**" *Id*. As of the date of this Order, Plaintiff has not responded to the OSC.

---

[1]　Also before the Court at that time was an Expedited Motion for Extension of Discovery Deadlines (ECF No. 71).

1

Because case terminating sanctions are so severe, the Court summarizes below the timeline of Plaintiff's failure to participate in the prosecution of her case as well as her failure to comply with Court orders that precede this Order.

1. Plaintiff filed her Complaint, *pro se*, on February 22, 2021. ECF No. 1. Under Rule 4(m) of the Fed. R. Civ. P., Plaintiff was required to serve Defendant no later than May 24, 2021. Plaintiff did not do so.

2. On May 28, 2021, the Clerk of Court entered an Order notifying Plaintiff of its intent to dismiss unless Plaintiff filed proof of service by June 27, 2021. ECF No. 5.

3. On June 17, 2021 Plaintiff filed a Motion to Show Good Cause claiming that she had "relied on a third party to return file-stamped copies of Complaint and Summons that were then to be mailed by certified mail … to Defendant." ECF No. 7 at 1. Plaintiff went on to state the third party allegedly failed to mail the filed-stamped copies, but instead mailed them to Plaintiff in California. *Id*. Plaintiff further claimed her family had Covid-19 and "Valley Fever" preventing her from following up between February and June 2021. *Id*. at 1-2.

4. Defendant was served on June 18, 2021 and filed a Motion to Dismiss on July 12, 2021. ECF Nos. 9 and 11. The response to the Motion to Dismiss was due on July 26, 2021. ECF No. 11. Plaintiff did not file a timely response.

5. A month later, on August 11, 2021, Plaintiff filed a Motion to extend the time to respond to Defendant's Motion to Dismiss. ECF No. 13. Plaintiff stated she was "not in good health," that she was "in the process of securing legal representation," and needed 30 additional days to respond to Defendant's Motion.

6. On August 30, 2021, the Court entered an Order requiring the parties to file a joint discovery plan and scheduling order within 14 days of the date of that Order. ECF No. 15

7. On September 10, 2021, Defendant filed its proposed discovery plan and scheduling order. ECF No. 16. In that filing, Defendant explained it had made four attempts to reach Plaintiff (two voice mails and two emails) regarding the preparation of the plan and order, but Plaintiff failed to respond to all such attempts. *Id*. at 1. In response to the filing, the Court set a hearing for

September 22, 2021. ECF No. 19. Plaintiff appeared with a friend/interpreter, and the discovery plan and scheduling order was entered. ECF No. 24.

8.   On October 12, 2021, two Orders that were mailed to Plaintiff were returned undeliverable (ECF Nos. 26, 27), leading the Court to enter an Order requiring Plaintiff to update her address. ECF No. 28.

9.   On December 21, 2021, the Court entered an Order giving Plaintiff until January 28, 2022 to respond to Defendant's Motion to Dismiss. ECF No. 31. Plaintiff did not file an opposition by or before that date.

10.   On February 3, 2022, the Court set a hearing on the Motion to Dismiss for February 10, 2022. ECF No. 32. Plaintiff filed two Motions to continue the hearing claiming she never got the Order setting the due date for her opposition, and only learned of the due date "through a supportive friend who has access to … PACER …." ECF Nos. 33 and 36. Both motions were denied. ECF Nos. 35, 37. The Motion to Dismiss was also denied. ECF No. 37.

11.   On April 19, 2022, more than a year after Plaintiff commenced this action, a Joint Discovery Plan and Scheduling Order was finally filed by the parties (ECF No. 41), and was entered the same day (ECF No. 42). The Order required the parties to exchange initial disclosures no later than May 6, 2022. Defendant complied, Plaintiff did not.

12.   On April 28, 2022, mail to Plaintiff was again returned undeliverable. ECF No. 43.

13.   On June 27, 2022, Defendant filed a Motion to Modify the Discovery Plan and Scheduling Order and a Motion to Compel Disclosures. ECF Nos. 44, 45. In these Motions, Defendant explained that Plaintiff failed to make her initial disclosures on May 6, 2022 as ordered by the Court, and that on June 6, 2022 Plaintiff promised her initial disclosures would be forthcoming, but despite Defendant's following up with Plaintiff twice thereafter, Plaintiff had still made no disclosures. *Id.* Despite notifying Plaintiff on June 21 that if she failed to make initial disclosures by June 24, Defendant would move to compel, Plaintiff made no disclosures. ECF No. 45 at 3.

14.   On July 14, 2022, the Court entered an Order granting Defendant's Motion to Compel to which Plaintiff had not responded. ECF No. 48. The Court ordered Plaintiff to make initial

disclosures no later than July 21, 2022, and granted fees and costs to Defendant under Fed. R. Civ. P. 37 for bringing a successful Motion to Compel. *Id*. at 2.

15.   On August 12, 2022, after Plaintiff did not timely object to the Court's Order or respond to Defendant's Memorandum in support of fees and costs, the Court entered an Order awarding $4,107.36 in fees to Defendant. ECF No. 51. To date, the fee award has not been satisfied.

16.   On September 19, 2022, more than one month after the Court's Order granting Defendant's Motion to Compel and awarded fees and costs, Plaintiff filed an objection to that Order. ECF No. 59.

17.   On August 31, 2022, Plaintiff filed a Motion to extend the date for her deposition or for a hearing regarding her deposition and discovery request. ECF No. 55. Plaintiff's Motion was filed in response to Defendant's efforts to find a mutually convenient date on which Plaintiff could appear for deposition during the weeks of September 8 and 15, 2022. *Id*. at 4. Defendant followed up with Plaintiff after first requesting dates. *Id*. at 4-5. One day before filing her Motion, Plaintiff told Defendant that she was "not prepared for deposition[,] … September … [was] not a good time for [her, and m]aybe after we finish discovery requests" she would agree to appear. *Id*. at 5. Defendant responded explaining written discovery did not need to be completed before depositions could be taken, and asked for Plaintiff's availability during the weeks of September 12 and 19. *Id*. at 6. Plaintiff did not respond. *See id.*, generally.

18.   Hearing nothing from Plaintiff, on September 9, 2022, Defendant set Plaintiff's in-person deposition for September 30, 2022. ECF No. 56. An amended notice and second amended notice were sent to Plaintiff explaining that Defendant arranged for a Tagalog interpreter to be present for her deposition. ECF Nos. 58, 62.

19.   Three days before her September 30, 2022 deposition, Plaintiff filed a Motion to Expedite Ruling on Plaintiff['s] Deposition. ECF N0. 63. In her Motion, Plaintiff claimed she was working on obtaining counsel (despite having said the same thing 13 months earlier in August 2021 (ECF No. 13)), asserted, without explanation, that an extension of her deposition date would be her "only opportunity" to obtain counsel, complained Defendant had not responded to discovery requests sent on September 8, 2022, argued she had not had sufficient time to prepare for her

4

1  deposition, and contended the Tagalog interpreter arranged by Defendant would not be "helpful
2  because this interpreter is not familiar with Plaintiff …." *Id*. at 1-2.

3      20.     In the Response to Plaintiff's Motion to Expedite, Defendant explained there is no
4  requirement that discovery occur in any sequence, discovery responses were not due until 30 days
5  after they were served, the interpreter Plaintiff wanted to bring to the deposition was a witness in the
6  case and not a neutral party, and that Defendant scheduled Plaintiff's deposition in Arizona, despite
7  the fact that Plaintiff filed her case in Nevada, in an effort to accommodate Plaintiff. ECF No. 64.

8      21.     On September 29, 2022, the Court ordered Plaintiff to appear at her September 30,
9  2022 deposition finding the reasons to delay the deposition without merit. ECF No. 65. The Court
10 also ordered Defendant to serve a copy of the Order on Plaintiff through email, which Defendant
11 did. *Id*.; ECF No. 66.

12     22.     On October 6, 2022, Defendant filed its Rule 37 and 41 Motion. ECF No. 69. Among
13 other things represented to the Court, Defendant provided evidence that on September 29, 2022,
14 after receiving the Court's Order, Plaintiff wrote that she would not be at her deposition the next day
15 because she "got sick yesterday" and remained sick. *Id*. at 10. However, on October 5, 2022,
16 Plaintiff's daughter-in-law and defense counsel spoke by telephone. On this call, Defendant learned
17 Plaintiff did not live in Arizona (where she represented she resided) but in California and was not
18 coming to Arizona for her deposition. *Id*. at 1-2. Defendant further learned Plaintiff was attending
19 a birthday party for a grandchild in California the evening before her deposition and her illness
20 appeared to be false. *Id*. at 2. Defendant's Motion detailed Plaintiff's failure to participate in
21 deposition and discovery generally and sought severe sanctions. *Id*. at 5-7.

22     23.     On October 7, 2022, Defendant sent Plaintiff a Third Amended Notice of Videotaped
23 Deposition set for October 19, 2022. ECF No. 70. One day before the deposition—that is, on
24 October 18, 2022—Defendant received a voicemail from Plaintiff stating she was in the hospital and
25 would not be attending her deposition the next day. ECF No. 71.

26     24.     On October 21, 2022, the Court entered its Order granting an extension of discovery,
27 granting in part and denying in part Defendant's Motion for Rule 37 and 41 sanctions, ordering
28 Plaintiff to pay fees and costs associated with her failure to appear for deposition on September 30

and October 19, 2022, and entering the OSC requiring Plaintiff to respond in writing no later than November 18, 2022 and show cause why case terminating sanctions should not be entered. As stated above, Plaintiff has not responded to the OSC.

25. On October 31, 2022, Defendant filed its Memorandum of Attorney's Fees. ECF No. 79. Plaintiff filed no response. Through this Order, the Court awards Defendant $14,460.76 in attorneys' fees and $395.00 in costs it reasonably and actually incurred in (1) preparing and filing the Motions and related filings and (2) preparing for and subsequently cancelling Plaintiff's first two depositions. This award is based on the experience, reputation, and ability of the attorneys, whose hourly rates and hours incurred are approved as reasonable for the community and the work done. *Perrong v. Sperian Energy Corp.*, Case No. 2:19-cv-00115-RFB-EJY, 2020 WL 2996063 (D. Nev. June 4, 2020); *Boca Park Marketplace Syndications Grp., LLC v. Ross Dress for Less, Inc.*, Case No. 2:16-cv-01197-RFB-BNW, 2020 WL 2892586 (D. Nev. May 31, 2020); *Telasia, Inc. v. EZ Supply, Inc.*, Case No. 2:14-cv-00399-MMD-GWF, 2015 WL 2095874 (D. Nev. May 5, 2015).

**II.   Discussion**

Sanctions available to the district court are discretionary and the imposition of such sanctions "as are just" will not be reversed unless there has been an abuse of discretion. *United States v. Sumitomo Marine & Fire Ins. Co.*, 617 F.2d 1365, 1369 (9th Cir. 1980); *David v. Hooker, Ltd.*, 560 F.2d 412, 418-19 (9th Cir. 1977); 6 J. Moore, Federal Practice s 37.08 (2d ed. 1976). When drastic sanctions, such as striking a complaint resulting in dismissal are imposed, the range of discretion is narrowed and the sanctioned party's non-compliance must be willful, with fault or in bad faith. *Societe International v. Rogers*, 357 U.S. 197, 212 (1958). A party's repeated failure to comply with discovery obligations and district court orders is sufficient to manifest the necessary fault and fully justify a district court's imposition of case terminating sanctions. *Sigliano v. Mendoza*, 642 F.2d 309 (9th Cir. 1981). *See also G–K Properties v. Redevelopment Agency of City of San Jose*, 577 F.2d 645 (9th Cir. 1978).

In this case, Plaintiff has failed to engage in discovery throughout this litigation, repeatedly failed to attend her deposition, and repeatedly failed to comply with Court orders. Indeed, Plaintiff did not participate in the Rule 26(f) process for setting a joint discovery plan and scheduling order,

despite Defendant's efforts to obtain her cooperation. ECF No. 16. Plaintiff did not comply with the Court's Order to produce initial disclosures by May 6, 2022, which was 15 months after she first filed her Complaint. ECF 42. Plaintiff did not attend her September 30, 2022 deposition, despite a Court order requiring her to do so, providing a questionable excuse for not doing so. ECF Nos. 64. Plaintiff failed to pay attorney's fees ordered by the Court. ECF No. 75. Finally, Plaintiff has not responded to the OSC. *Id*. Overall, Plaintiff has not cooperated with setting her deposition or otherwise demonstrated a good faith intent to prosecute her case. Plaintiff was expressly warned in the Court's October 21, 2022 Order that "**failure to timely respond to this Order to Show Cause will result in a recommendation that this case be dismissed with prejudice.**" *Id*. at 3 (emphasis in original).

The totality of Plaintiff's failures demonstrate she has acted willfully in violation of court orders and in bad faith with respect to discovery.

**III.   Order**

Accordingly, IT IS HEREBY ORDERED that Defendant's Memorandum of Attorney Fees Responsive to the Court's October 21, 2022 Order (ECF No. 79) is GRANTED.

IT IS FURTHER ORDERED that Plaintiff shall pay Defendant the total sum of $14,460.76 in attorneys' fees and $395.00 in costs within 30 days of the date of this Order unless a timely objection is filed. If a timely objection is filed, the Order is stayed until such time as the objection is ruled upon.

**IV.   Recommendation**

Based on the foregoing, IT IS HEREBY RECOMMENDED that Plaintiff's Complaint (ECF No. 1) be stricken and judgment be entered in favor of Defendant.

Dated this 21st day of November, 2022.

ELAYNA J. YOUCHAH
UNITED STATES MAGISTRATE JUDGE