UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| FAYE D. PEREZ,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>WORLD FINANCIAL GROUP,<br><br>　　　　　Defendant. | Case No. 2:21-cv-00287-RFB-EJY<br><br>**ORDER** |

Before the Court for consideration is a Motion for Hearing of Plaintiff's Dispute of Deposition (ECF No. 55), Objection/Appeal to Magistrate Order (ECF No. 59), Motion for Hearing of the Parties' Discovery Dispute (ECF No. 60), Motion to Dismiss by Defendant World Financial Group (ECF No. 84), and Report and Recommendation ("R&R") (ECF No. 86) of the Honorable Elayna Youchah, United States Magistrate Judge, entered November 21, 2022.

For the reasons discussed below, the Court: denies Plaintiff Perez's Objection/Appeal of Magistrate Judge Elayna Youchah's Order Granting attorney's fees and costs; accepts and adopts in full Magistrate Judge Youchah's R&R that Plaintiff Perez's Complaint be stricken and judgment be entered in favor of Defendant. All remaining pending motions are denied as moot.

**I.　　PROCEDURAL BACKGROUND**

On February 11, 2021, Plaintiff filed her complaint against World Financial Group ("WFG"). ECF No. 1. After the Court issued an order notifying Plaintiff of its intent to dismiss unless Plaintiff filed proof of service by June 27, 2021, ECF No. 5, Plaintiff served Defendant on June 18, 2021. ECF No. 9. On July 12, 2021, Defendant filed a Motion to Dismiss. ECF No. 11.

On August 30, 2021, Judge Youchah entered an Order requiring the parties to file a Joint

Discovery Plan and Scheduling Order within 14 days of the date of that Order. ECF No. 15. On September 10, 2021, Defendant filed its proposed discovery plan and scheduling order. ECF No. 16. Defendant noted that it had attempted to reach Plaintiff four times to discuss the preparation of the plan and order, but Plaintiff never responded. Judge Youchah set a hearing for September 22, 2021, at which Plaintiff appeared. The Discovery Plan and Scheduling Order was entered on that day with discovery due on March 21, 2022. ECF No. 24.

By December 21, 2022, Plaintiff had still not filed a response to Defendant's July 12, 2021 Motion to Dismiss. Judge Youchah accordingly ordered Plaintiff to respond by January 28, 2022. ECF No. 31. Plaintiff failed to respond by that date. The Court held a hearing on Defendant's motion to dismiss on February 10, 2022 and denied the motion. ECF No. 37.

On April 19, 2022, the parties filed a Joint Discovery Plan and Scheduling Order, which superseded the previous Scheduling Order. ECF No. 41. Judge Youchah entered it the same day. ECF No. 42. Pursuant to the Order, the parties were required to exchange initial disclosures no later than May 6, 2022. Id. On June 27, 2022, Defendant filed a Motion to Modify the Discovery Plan and Scheduling Order and Motion to Compel Disclosures. ECF Nos. 44, 45. On July 14, 2022, Judge Youchah granted Defendant's Motion to Compel. ECF No. 48. Plaintiff did not timely object to Judge Youchah's Order. On August 12, 2022, Judge Youchah entered an Order awarding $4,107.36 in fees to Defendant. ECF No. 51. Objections were due by August 26, 2022. On September 19, 2022, Plaintiff filed an objection to that Order. ECF No. 59.

Plaintiff notified Defendant one day before her court-ordered deposition, scheduled for September 30, 2022, that she could not attend. On October 18, one day before the re-scheduled deposition, Plaintiff again notified Defendants that she was unable to attend. On October 21, 2022, Judge Youchah entered an Order to Show Cause ("OSC") granting an extension of discovery, granting in part and denying in part Defendant's Motion for Rule 37 and 41 sanctions, and ordering Plaintiff to pay fees and costs associated with her failure to appear for deposition on September 30 and October 19, 2022. The OSC stated that "failure to timely respond to this Order to Show Cause will result in a recommendation that this case be dismissed with prejudice." Plaintiff did not respond to the OSC.

On October 31, 2022, Defendant filed its Memorandum of Attorney's Fees. ECF No. 79. Plaintiff filed no response. On November 21, 2022, Judge Youchah then entered an Order regarding Attorney's Fees and Costs and Report and Recommendation. ECF No. 86. The Order awarded Defendant $14,460.76 in attorney's fees and $395.00 in costs it reasonably and actually incurred in (1) preparing and filing the Motions and related filings and (2) preparing for and subsequently cancelling Plaintiff's first two depositions. As part of the Order, Judge Youchah also recommended that Plaintiff's Complaint (ECF No. 1) be stricken and judgment be entered in favor of Defendant. Plaintiff has not objected to the Order or Report and Recommendation. This Order follows.

## II.   DISCUSSION

### a.   Magistrate Judge's Order Awarding $4,107.36 in Attorney's Fees

The Court first addresses Plaintiff's Local Rule IB 3-1 objection/appeal to Magistrate Judge Youchah's order awarding $4,107.36 in attorney's fees to Defendant World Financial Group. ECF No. 51.

A magistrate judge may decide non-dispositive pretrial matters. Fed. R. Civ. P. 72(a); 28 U.S.C. § 636(b)(1)(A). The magistrate judge's order generally operates as a final determination. LR IB 1-3. But if a party timely objects to the magistrate judge's order, a district court judge must review the order and "set aside any part [...] that is clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a); 28 U.S.C. § 636(b)(1)(A); LR IB 3-1(a). "'Clear error occurs when 'the reviewing court on the entire record is left with the definite and firm conviction that a mistake has been committed.'" Smith v. Clark Cty. Sch. Dist., 727 F.3d 950, 950 (9th Cir. 2013) (internal quotation marks and citations omitted). "An order is contrary to law when it fails to apply or misapplies relevant statutes, case law, or rules of procedure." Jadwin v. Cty. of Kern, 767 F. Supp. 2d 1069, 1110-11 (E.D. Cal. 2011) (internal quotation marks and citations omitted).

However, in reviewing the order, the court applies the deferential abuse-of-discretion standard; the magistrate judge's order will be reversed only if the magistrate judge abused her broad discretion. Columbia Pictures, Inc. v. Bunnell, 245 F.R.D. 443, 446 (C.D. Cal. 2007); see

also Premium Serv. Corp. v. Sperry & Hutchinson Co., 511 F.2d 225, 229 (9th Cir. 1975) (holding a judge abuses their discretion only when their decision is contrary to law or clear error based on the evidence).

Judge Youchah entered the order on August 12, 2022 after granting WFG's Motion to Compel Disclosure. ECF Nos. 45, 48. In granting the Motion to Compel, Judge Youchah also ordered WFG to submit a memorandum of fees and costs which "detail[ed] the activities, hours spent, . . . and the rate charged by each attorney who worked on the Motion to Compel." Id. WFG filed a Motion for Attorneys Fees one day later. ECF No. 49. The amount awarded was based on Defendant WFG's "reasonable attorney's fees and costs associated with bringing its Motion to Compel," as detailed in Defendant's motion. ECF Nos. 51.

Plaintiff does not dispute the amount that Defendant claims in attorney's fees. Instead, Plaintiff argues that attorney's fees should not be awarded because there have been no attempts to settle the matter, Plaintiff has no legal representation or money to pay these fees, and because Defendant WFG is liable to Plaintiff with respect to the underlying suit.

The Court finds no error by Judge Youchah in her order. Under Federal Rule of Civil Procedure 26(a)(1)(C), the disclosing party must make its initial disclosures within fourteen days of the initial scheduling conference or at a time set by stipulation or court order. Fed. R. Civ. P. 26(a)(1)(C). "If a party fails to make a disclosure required by Rule 26(a), any other party may move to compel disclosure and for appropriate sanctions." Fed. R. Civ. P. 37(a)(3)(A). Federal Rule of Civil Procedure 37(c)(1) provides that if a party fails to provide information as required by Rule 26(a) the Court may impose appropriate sanctions, including dismissing the action in whole or in part. Fed. R. Civ. P. 37(c)(1).

More than a year after Plaintiff commenced this action, eight months after Judge Youchah first ordered the parties to file a joint discovery plan and scheduling order, and after numerous attempts by Defendant to engage with Plaintiff, Plaintiff finally agreed to a May 6, 2022 deadline to exchange initial disclosures. Defendant reminded Plaintiff twice in June of her disclosure obligations. Plaintiff twice represented to Defendants that her disclosures would be forthcoming, but as of June 27, 2022, the date of Judge Youchah's Order, Plaintiff had still not complied with

- 4 -

this basic discovery obligation.

That progress had not been made towards a settlement as of the date of the Motion to Compel is in large part due to Plaintiff's own refusal to engage in the discovery process. Moreover, Plaintiff cannot avoid participating in discovery based on allegations against Defendant that go to the merits of the case. The very purpose of Plaintiff's initial disclosures is to facilitate resolution of her claims. The Court further finds that Defendant submitted adequate proof of its expenses in bringing the Motion to Compel. The Court therefore denies Plaintiff's objection/appeal of Magistrate Judge Youchah's Order.

### b. The Magistrate Judge's R&R

A district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1). A party may file specific written objections to the findings and recommendations of a magistrate judge. 28 U.S.C. § 636(b)(1); Local Rule IB 3-2(a). When written objections have been filed, the district court is required to "make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); see also Local Rule IB 3-2(b). Where a party fails to object, however, a district court is not required to conduct "any review," de novo or otherwise, of the report and recommendations of a magistrate judge. Thomas v. Arn, 474 U.S. 140, 149 (1985). Pursuant to Local Rule IB 3-2(a), objections were due by December 5, 2022. No objections have been filed as of the date of this Order.

Magistrate Judge Youchah submitted a Report and Recommendation recommending that the Plaintiff's Complaint be stricken and judgment be entered in favor of Defendant. Judge Youchah's Report and Recommendation provides a detailed history of Plaintiff's repeated and deliberate failures to abide by the court's orders with respect to service of process, filing deadlines, and crucial discovery obligations. The Court also notes that the Plaintiff was warned of the possibility of case-dispositive sanctions if she did not respond to the Order to Show Cause. To date she has not responded. The Court agrees with Judge Youchah that "the totality of Plaintiff's failures demonstrate she has acted willfully in violation of court orders and in bad faith with respect to discovery." ECF No. 86. The Court has reviewed the record in this case and concurs with

Magistrate Judge Youchah's recommendations.

**IT IS THEREFORE ORDERED** that Plaintiff's Objection/Appeal to Magistrate Order (ECF No. 59) is **DENIED.**

**IT IS FURTHER ORDERED** that the Report and Recommendation (ECF No. 86) is **ACCEPTED** and **ADOPTED** in full.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Hearing of Plaintiff's Dispute of Deposition (ECF No. 55), Motion for Hearing of the Parties Discovery Dispute (ECF No. 60), Motion to Dismiss by Defendant World Financial Group (ECF No. 84) are **DENIED** as moot.

The Clerk of the Court is instructed to enter judgment accordingly and to close the case.

**DATED:** September 29, 2023

_____
**RICHARD F. BOULWARE, II**
**UNITED STATES DISTRICT JUDGE**